AO 91 (Rev. 11/11) Criminal Complaint

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED
August 11, 2026
Nathan Ochsner, Clerk of Court

United States of America
v.
ERICK LINDON FLOREZ

*Defendant(s)*

Case No. 4:26-mj-530

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 10, 2026 in the county of Harris in the Southern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 1344(1), and (2) | Bank Fraud |

This criminal complaint is based on these facts:

See attached affidavit from SSA-OIG Agent Gregory Padilla.

❒ Continued on the attached sheet.

*Complainant's signature*

Gregory Padilla, Special Agent (SSA-OIG)
*Printed name and title*

Sworn to by telephone.

Date: August 11, 2026

*Judge's signature*

City and state: Houston, Texas

The Honorable Peter Bray, U.S. Magistrate Judge
*Printed name and title*

Sealed
Public and unofficial staff access to this instrument are prohibited by court order


**4:26-mj-530**

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Gregory Padilla, a Special Agent with the Social Security Administration, Office of the Inspector General ("SSA-OIG"), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I submit this affidavit in support of a criminal complaint and I believe there is probable cause that Erick Lindon FLOREZ created a scheme to defraud financial institutions in the United States of America, namely JPMorgan Chase Bank (Chase), by establishing bank accounts using his real identifying information, such as name and date of birth, and a Social Security Number (SSN) not issued to him by the Commissioner of the Social Security Administration (SSA), or a SSN that is fictitious and never issued to any individual by the Commissioner of the SSA. Once the bank accounts were established, FLOREZ would deposit counterfeit, forged altered, or fraudulent checks into the accounts via Automated Teller Machine (ATM) transactions and then either spend the money, withdraw cash via ATM transactions, or transfer the funds to other co-conspirators or himself via Peer-to Peer (P2P) transfers.

2. The estimated fraud loss due to FLOREZ's scheme is approximately $850,000 and the estimated attempted losses exceed approximately $1.5 Million.

3. The above scheme is in violation of Title 18, United States Code, Section 1344 – Bank Fraud.

## AGENT BACKGROUND

4. I am a Special Agent with the SSA-OIG and have been employed in Federal Law Enforcement for over four (4) years. In connection with my official duties, I investigate criminal violations of Title 42 of the United States Code involving fraud, waste and abuse of Social Security programs and SSN's. I also investigate employee misconduct within the Social Security Administration and violations of financial crimes and identity theft statutes and other related and associated statutes under Title 18 of the United States Code. I have received specialized training in the enforcement of these statutes. I have also testified in judicial proceedings and presented for prosecution violations of the above Titles. I have received training in investigations and evidence collection, including collection and preservation of electronic evidence, at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia.

6. As an SSA-OIG Special Agent, I have conducted numerous criminal investigations focused on violations of the above outlined Titles. As a result of investigations, I have conducted

or participated in electronic and physical surveillance, the execution of search warrants and arresting wanted subjects.

7. The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents, law enforcement, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

8. The grounds for issuance of this warrant come from my personal knowledge of the matters set out in this affidavit. To the extent that any information in this affidavit is not within my personal knowledge, it was made known to me through my own review of records provided by financial institutions and interviews of witnesses, and through reliable law enforcement sources, including discussions with other law enforcement agents, which has caused me to believe the information to be true.

## PROBABLE CAUSE

9. Around July 2025, the SSA-OIG received information from Chase of a large-scale bank fraud scheme being perpetrated by FLOREZ in approximately 14 different states, with Houston, TX as his base of operations. The SSA-OIG initiated an investigation which revealed that FLOREZ created a scheme to defraud multiple United States of America based financial institutions by establishing approximately over 1000 bank accounts at Chase using approximately over 900 different SSNs that were not issued to him and are either issued to other individuals or do not exist.

10. Once these bank accounts were established, FLOREZ would then deposit counterfeit, fraudulent, and/or altered checks into the accounts via ATM deposits. The ATM's would be accessed via the Chase assigned digital debit card and using a cellphone tap to pay feature. When depositing the checks, FLOREZ would use substances such as whiteout to alter the front and back of the checks to remove numbers from the account and routing number located on the checks, making it so that Chase's ATM readers would be unable to read the numbers on the checks. He would also intentionally alter the value of the check when making inputs in the ATM, forcing Chase's automated systems to credit the account for the face value displayed on the checks before they were discovered as fraudulent. For example, if FLOREZ deposited a $1,500.00 check, he would tell the ATM that the check would be worth significantly less, such as $1.12, causing

Chase's automated systems to credit the account for the $1,500.00, assuming the $1.12 figure was an error.

11. Around July 2025, I spoke with the lead Chase fraud investigator, who referred this investigation to the SSA-OIG, and reviewed data he provided to me. Based on his initial investigation, it was found that FLOREZ had established over 1000 bank accounts since 2007 with Chase and used approximately over 900 SSNs when establishing the accounts. The data also showed that FLOREZ would use his real name or a variation of his real name, his real date of birth, and his valid United States of America issued passport and/or passport card, his State of Texas issued identification card, or his passport issued by Honduras as proof of his identity when opening the accounts. When the accounts were opened, he would then attempt to deposit counterfeit, fraudulent, and/or altered checks in the manner as outlined above.

12. Further review of this data and information obtained by the lead Chase fraud investigator showed that between approximately May 7, 2025, and June 5, 2025, FLOREZ fraudulently opened six (6) Chase accounts ending in 7305, 3995, 3631, 5390, 3195, and 0173.

13. The accounts ending in 7305 and 3995 were opened by FLOREZ on or about May 7, 2025, at the Chase branch located at 6701 Highway 6 S, Houston, TX 77083, within the Southern District of Texas. This account was opened using SSN ending in 8053 and FLOREZ's true name and date of birth. A review of this SSN in SSA records yielded negative results, meaning this SSN is fictitious. FLOREZ deposited two checks via the ATM at the same branch, bearing check numbers 891 and 892 on the same day. Check 891 was dated May 3, 2025, and was made out to Erick L Florez and signed by Erick Florez in the amount of $1,600. FLOREZ inputted that the check was only worth $0.89 into the ATM. Check 892 was made out to the same person and signed by the same person and had the same date. The amount of this check was for $1,700, and FLOREZ inputted that the check was only worth $0.99 into the ATM. Both checks were drawn on Texas First Bank, and the owner of the check was just listed as ERICK F.

14. I obtained the physical copies of these checks in response to an Inspector General subpoena. As shown below, the account numbers on the checks were altered with whiteout to trick Chase's ATM scanners.




15. I reviewed Chase surveillance photographs from the Chase branch on Highway 6 of the man depositing the checks. I identified the man depositing the checks as FLOREZ based on comparison to his State of Texas issued identification card information and a photograph which was obtained via law enforcement databases.

16. On or about May 9, 2025, FLOREZ opened an account ending in 3631 at the Chase branch located at 8411 Gulf Fwy, Houston, TX 77017. FLOREZ opened this account using an SSN ending in 6182 and his true name and date of birth. A review of SSA records for this SSN yielded negative results, showing that this SSN is fictitious. FLOREZ deposited one check into the account on the same day it was opened. The check did not bear a check number or the name of the account holder and was dated May 6, 2025. It was made out to Erick L Florez and signed by Erick Florez, drawn on First Convenience Bank, and was in the amount of $1,900. FLOREZ deposited this check via ATM at the same branch and inputted the check amount was $0.97 when he made the deposit. The physical copy of the check was obtained by Inspector General subpoena and is shown below. Chase representatives confirmed that it is fraudulent.

17. On or about May 12, 2025, FLOREZ opened accounts ending in 5390 and 3195 at the Chase branch located at 120 S FM 270 Rd, League City, TX 77573. FLOREZ opened these accounts using SSN ending in 5960, and his true name and date of birth. A review of SSA records for this SSN yielded negative results, indicating it is fictitious. FLOREZ deposited two checks via the ATM at the same branch, bearing check numbers 893 and 871 on the same day. Check 893 was dated May 10, 2025, and was made out to Lindon Erick Florez and signed by F Rochez Florez, which is a known alias of FLOREZ per documents and records received by Chase. The check was

in the amount of $1,900, and FLOREZ inputted that the check was only worth $19.97 into the ATM. Check 871 was made out to the same person and signed by the same person and had the same date. The amount of this check was for $1,700, and FLOREZ inputted that the check was only worth $18.98 into the ATM. Both checks were drawn on Texas First Bank and the owner of the check was just listed as ERICK F.




18. I obtained the physical copies of these checks in response to an Inspector General subpoena. As shown below, the account numbers on the checks were altered with whiteout to trick Chase's ATM scanners and the checks appear to be the same as the checks FLOREZ was seen depositing on or about May 7, 2025.




19. On or about June 5, 2025, FLOREZ opened account ending in 0173 at the Chase branch located at 929 E Little York Rd, Houston, TX 77076. FLOREZ opened this account using SSN ending in 9671, and his true name and date of birth. A review of SSA records for this SSN yielded negative results showing that this SSN is fictitious. FLOREZ deposited one check into the account on the same day it was opened bearing check number 238 with the name of the account holder as Lyndon Rochez and was dated 05/06/2025. It was made out to Erick Lindon Florez and signed by F F Erick and drawn on Wells Fargo Bank. The check was in the amount of $1,500.

FLOREZ deposited this check via ATM at the same branch and inputted the check amount was $18.53 when he made the deposit.

20. I obtained the physical copy of the check, and as seen below, the account numbers on the checks were altered with whiteout to trick Chase's ATM scanners.




21. Around October 2025, I reviewed extensive records obtained from Chase for all available account information as it pertains to FLOREZ's scheme. These records were obtained as the result of a Federal Grand Jury Subpoena. These records showed the following:

a. From December 2018 through April 2025, FLOREZ opened approximately 750 to 1000 accounts at Chase using his real name, a variation of his real name, his real date of birth, an SSN that has not been issued to him or is fictitious, and a valid identity document such as a passport issued in his true identity under his true SSN ending in 1887.

b. In these accounts opened at Chase, FLOREZ deposited 1026 counterfeit, fraudulent, or altered checks with face values ranging from $100.00 to $3,000.00. The total amount of all attempted deposits equaled approximately $1.5 Million.

c. Of the 1026 deposited checks, 658 of them successfully cleared and were deposited into the accounts that FLOREZ opened and controlled resulting in FLOREZ obtaining more than $850,000 in funds fraudulently from Chase.

d. FLOREZ sent approximately $400,000 to 12 co-conspirators via P2P transactions via the platform Zelle and online payments.

e. The remaining funds, totaling over $450,000, FLOREZ withdrew via ATM cash transactions, sent to himself via P2P transactions via Zelle, or sent in online payments to himself.

22. I reviewed FLOREZ's criminal records and found that on October 2, 2023, FLOREZ was arrested by the Friendswood, TX Police Department (FPD) for State of Texas charges of Fraudulent Use and Possession of Identifying Information, which is a felony. Review

of the FPD's report showed that officers were dispatched to a Chase branch located at 611 S Friendswood Dr, Friendswood, TX 77546. Officers encountered FLOREZ, who was attempting to further his scheme at the Chase branch. FLOREZ was arrested on those felony charges and ultimately pled guilty and was sentenced on January 19, 2024, to serve two years in prison, deferred pending a successful completion of five years' probation in Galveston County, TX.

23. Around December 2025, I received information from a law enforcement agent with the United States Secret Service that FLOREZ was required to attend a monthly meeting with his Galveston County, TX probation officer at 10:30am on December 9, 2025. On that date, SSA-OIG agents and I surveilled the probation office located at 131 Pecan Dr, League City, TX and identified FLOREZ entering the probation office at approximately 10:15am. FLOREZ was identified by comparing the man who entered the probation office to the likeness in the surveillance of FLOREZ provided by Chase and in the photographs in his Texas identification card and U.S. passports.

24. SSA-OIG Agents followed FLOREZ to a Chase branch located at 1751 FM 646 Rd, League City, TX. FLOREZ was observed entering the Chase Branch.

25. I contacted the lead Chase fraud investigator, and he informed me that he was watching the real time Chase branch surveillance footage and confirmed that FLOREZ sat down with a Chase Banker to open an account. FLOREZ remained in the Chase branch for approximately 1 hour and 45 minutes before leaving in a ride share vehicle.

26. On or about December 10, 2025, the lead Chase investigator confirmed that FLOREZ, who was observed by other SSA-OIG agents and I entering the Chase branch located at 1751 RM 646 Rd, League City, TX, and remaining at the branch for 1 hour and 45 minutes, on December 9, 2025, successfully opened two new accounts with Chase and used an SSN of an individual born in the State of Georgia in 2005.

27. Based on the information obtained from Chase as well as my observations and investigation, FLOREZ left his probation meeting on December 9, 2025, for charges he received conducting the same scheme, and continued to commit overt actions to perpetuate the scheme with Chase.

28. On February 19, 2026, FLOREZ was arrested in Galveston County, Texas, by the Galveston County Sheriff's Office and assisted by agents from the SSA-OIG for unrelated State of Texas level charges for paying his probation fees with stolen credit cards.

29. On the same day, SSA-OIG agents interviewed FLOREZ. Prior to the interview, FLOREZ was advised of his Miranda rights, FLOREZ acknowledged he understood his rights, and FLOREZ agreed to speak with SSA-OIG agents. During the interview, FLOREZ confessed to the full scheme outlined above, including describing in detail how he conducted the scheme. Such as, how he altered the checks, how he opened the accounts, and how he deposited the checks into the ATM at Chase. He also told SSA-OIG agents how he figured out how to conduct the scheme and admitted that he spent the money he was able to get from the scheme for his own personal gain, including the money that he sent to other co-conspirators.

30. The following are examples, but not all, of the forged and/or altered checks FLOREZ used from approximately December of 2018 to April of 2025 as part of his Bank Fraud scheme:

| Account No. | Amount | Payee Name | Altered Check |
|---|---|---|---|
| 3768122922<br>(Chase)<br>Deposited:<br>12/24/2018 | $100 | Erick Florez |  |
| 370633395<br>(Chase)<br>Deposited:<br>01/17/2019 | $900 | Erick Florez |  |
| 960662812<br>(Chase)<br>Deposited:<br>06/02/2023 | $1,600 | Erik Florez |  |

| | | | |
|---|---|---|---|
| 966539311<br>(Chase)<br>Deposited:<br>06/15/2023 | $1,400 | Lindon Florez |  |
| 3991685257<br>(Chase)<br>Deposited:<br>06/23/2023 | $1,600 | Lindon Florez |  |
| 537963913<br>(Chase)<br>Deposited:<br>09/01/2023 | $1,300 | Lindon Florez |  |
| 583783272<br>(Chase)<br>Deposited:<br>02/16/2024 | $1,600 | Lindon Florez |  |
| 603967335<br>(Chase)<br>Deposited:<br>05/22/2024 | $1,900 | Erick Lindon Florez |  |
| 709658523<br>(Chase)<br>Deposited:<br>10/04/2025 | $1,600 | Erick Lindon Florez |  |

| | | | |
|---|---|---|---|
| 712236531<br>(Chase)<br>Deposited:<br>04/25/2025 | $1,700 | Erick Lindon Florez |  |

## CRIMINAL CHARGES

31. Based on the facts outlined above, including FLOREZ's full confession to the above outlined scheme, I believe probable cause exists for the issuance of a Criminal Complaint charging **ERICK LINDON FLOREZ** with ten (10) counts of Bank Fraud (18 U.S.C. § 1344(1), and (2)).

Counts 1-10
Bank Fraud (18 U.S.C. § 1344(1), and (2))

A. THE FRAUDULENT SCHEME

32. From on or about December 9, 2018, and continuing through on or about February 20, 2026, Defendant **ERICK LINDON FLOREZ**, knowingly and with intent to defraud, executed a scheme or artifice to defraud JPMorgan Chase Bank and other financial institutions by means of material false or fraudulent pretenses, representations or promises as detailed in Counts One through Ten below.

33. The fraudulent scheme operated, in substance, in the following manner:

a. Defendant **ERICK LINDON FLOREZ** opened bank accounts at JPMorgan Chase Bank using real and/or fictitious Social Security Numbers. Once the accounts were open, **ERICK LINDON FLOREZ** would deposit forged and/or altered checks into these accounts. On the forged and/or altered checks, **ERICK LINDON FLOREZ** would use white-out or black out to obscure the bottom numbers of the check. Additionally, when **ERICK LINDON FLOREZ** deposited each check via ATM, he would intentionally mis-input the amount of the check into a lower amount than what the check is written out for. This would cause the financial institution to credit him the full amount of the check at a later point.

b. Defendant **ERICK LINDON FLOREZ** caused these checks written to himself to be deposited into his JPMorgan Chase Bank accounts and caused payments, transfers, and withdrawals to be made from those accounts.

B. THE EXECUTION OF THE FRAUDULENT SCHEME

34. On or about the following dates, within the Southern District of Texas and elsewhere, Defendant **ERICK LINDON FLOREZ** committed and willfully caused the following acts, each of which constituted an execution of the fraudulent scheme:

| **COUNT** | **AMOUNT** | **DATE** | **ACT** |
|---|---|---|---|
| **ONE** | $100.00 | 12/24/2018 | Deposited an altered check of $100 into his JPMorgan Chase Bank account |
| **TWO** | $900.00 | 01/17/2019 | Deposited an altered check of $900 into his JPMorgan Chase Bank account |
| **THREE** | $1,600.00 | 06/02/2023 | Deposited an altered check of $1,600 into his JPMorgan Chase Bank account |
| **FOUR** | $1,400.00 | 06/15/2023 | Deposited an altered check of $1,400 into his JPMorgan Chase Bank account |
| **FIVE** | $1,600.00 | 06/23/2023 | Deposited an altered check of $1,600 into his JPMorgan Chase Bank account |
| **SIX** | $1,300.00 | 09/01/2023 | Deposited an altered check of $1,300 into his JPMorgan Chase Bank account |
| **SEVEN** | $1,600.00 | 02/16/2024 | Deposited an altered check of $1,600 into his JPMorgan Chase Bank account |
| **EIGHT** | $1,900.00 | 05/22/2024 | Deposited an altered check of $1,900 into his JPMorgan Chase Bank account |
| **NINE** | $1,600.00 | 10/04/2025 | Deposited an altered check of $1,600 into his JPMorgan Chase Bank account |
| **TEN** | $1,700.00 | 04/25/2025 | Deposited an altered check of $1,700 into his JPMorgan Chase Bank account |

All in violation of Title 18, United States Code, Sections 1344(1), and (2).

Respectfully submitted before this Court,

Gregory Padilla
Special Agent
Social Security Administration Office of the
Inspector General

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable means, namely telephone, on this 11th day of August 2026, and I find probable cause exists.

THE HONORABLE PETER BRAY
UNITED STATES MAGISTRATE JUDGE